UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GERTRUDE ROBERTSON,

                     Plaintiff,              COMPLAINT

     -against-

                                                __ Civ. __

NEW YORK CITY DEPARTMENT OF
EDUCATION, NIRA SCHWARTZ-NITRAY,      JURY TRIAL DEMANDED
PRINCIPAL OF P.S. 396, IN HER OFFICIAL AND
INDIVIDUAL CAPACITY, and CANISIA
PALTON, IN HER OFFICIAL AND INDIVIDUAL
CAPACITY,

                     Defendants.

Plaintiff **GERTRUDE ROBERTSON**, by and through her attorneys GLASS KRAKOWER LLP, as and for her Complaint, alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff Gertrude Robertson brings this action pursuant to Title VII of the Civil Rights Act of 1964, the New York State and New York City Human Rights Law, to remedy sexual harassment at Plaintiff's place of work, a New York City public school.

2. Plaintiff also brings this action for defamation and intentional infliction

3. Plaintiff has been subjected to an ongoing pattern of unwelcome sexual harassment and abuse by a coworker and fellow occupational therapist, Canisia Palton, as well as retaliation by her principal, Nira Schwartz-Nitray, following her complaints of sexual harassment against Ms. Palton.

1

4. Defendants waited months before taking any meaningful action to prevent or correct this sexually hostile work environment.

5. Defendants have failed to ensure that Plaintiff was safe from further acts of sexual harassment following Plaintiff's initial complaint of harassment.

6. Plaintiff repeatedly had brought the issue of harassment to the attention of Defendants and attempted to resolve the issue through internal reporting procedures.

7. For months, Defendants failed to respond in any meaningful way to Plaintiff's ongoing complaints and concerns about sexual harassment, which led to physical, mental, and/or emotional injuries.

8. Defendants retaliated against Plaintiff after she filed a formal complaint of sexual harassment against Ms. Palton.

9. Plaintiff therefore brings this action to remedy unlawful employment discrimination and retaliation on the basis of sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §1681 et seq., the New York State Human Rights Law, N.Y. Exec Law § 296, and the New York City Human Rights Law, N.Y.C. Administrative Code §§8-101 et seq.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. and Title IX of the Education Amendments of 1972 ("Title IX"), both of which are federal statutes.

11. As to claims under New York State and City law, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

13.     Plaintiff previously served a Written Verified Notice of Claim on Defendant New York City Department of Education on or about January 11, 2016.

## THE PARTIES

14.     Plaintiff Gertrude Robertson is a resident of the City of New York and State of New York.

15.     At all times relevant herein, Defendant New York City Department of Education ("DOE") is a city school district established pursuant to Title II, Article-52-A of the New York State Education Law, NY Educ. Law Section 2590 *et seq*.

16.     At all times relevant herein, Defendant Nira Schwartz-Nitray was the principal of P.S. 396, a school in Brooklyn, New York, within the New York City Department of Education.

17.     At all times relevant herein, Defendant Canisia Palton was an occupational therapist at P.S. 396, a school in Brooklyn, New York, within the New York City Department of Education.

## FACTUAL ALLEGATIONS

18.     Plaintiff has worked as a full-time occupational therapist with the NYCDOE since November 2012 at P.S. 396 within District 75 in Brooklyn, New York.

19.     P.S. 396 is located at 110 Chester Street, Brooklyn, NY 11212.

### Hostile Work Environment at P.S. 396

20.     Since November 2012, Plaintiff has been subjected to an ongoing pattern of unwelcome sexual harassment and abuse by a co-worker and fellow occupational therapist, Canisia Palton.

21. This included unwelcome verbal comments and physical touching of Plaintiff without her consent, almost on a daily basis.

22. In an attempt to separate herself from Ms. Palton, Plaintiff relocated her desk from the occupational therapist room into the physical therapy room in February 2014, after more than a year of harassment by Ms. Palton.

23. Soon thereafter, in early March 2014, Ms. Palton befriended a physical therapist, Yosri Gendi, who worked at an adjacent desk to Plaintiff in the physical therapy room.

24. Ms. Palton would frequently enter the physical therapy room and converse with Mr. Gendi, using these conversations as a pretext to approach and make unwanted physical contact with Plaintiff.

25. As a result, in September 2014, Plaintiff relocated her desk into the hallway in order to avoid Ms. Palton's advances.

26. During the time in which Plaintiff worked in the hallway, Ms. Palton continued her unwanted advances and sexual comments towards Plaintiff.

27. Plaintiff worked in the hallway, gym and other locations until early December 2014, when she was able to secure a desk in a classroom.

28. However, she was required to work in the occupational therapy room once a week for mandatory services; during these occasions, Ms. Palton would continue to harass Plaintiff in a sexual manner.

29. Although Plaintiff persistently told Ms. Palton to stop these comments and took steps to avoid her repeatedly relocating her work area, Ms. Palton continued to pursue her and engage in sexually harassing and bullying behavior.

30.     In March 2015, Plaintiff spoke to her Assistant Principal ("AP"), Dr. Keisha McCoy, about Ms. Palton's continuing behavior of unwelcome sexual harassment and abuse towards her.

31.     During this conversation, Dr. McCoy said that she would speak to the principal. When Dr. McCoy asked Plaintiff if she would like to set up a meeting with Ms. Palton, Plaintiff refused, as she was concerned about further harassment.

32.     Upon information and belief of Plaintiff, Ms. McCoy told the school principal, Nira Schwartz-Nitray, about Plaintiff's complaints of harassment and abuse, but the principal took no action to remedy the issue.

33.     Following this non-action, Plaintiff placed a letter in Principal Schwartz-Nitray's mailbox on or about May 13, 2015 detailing the abuse and harassment she had been experiencing from Ms. Palton.

34.     The following day, Plaintiff found this same letter placed upon her desk, with the words "haha you stupid bitch" scrawled on it.

35.     Not deterred, Plaintiff emailed this same letter to Principal Schwartz-Nitray on or about May 21, 2015.

36.     On or about May 27, 2015, Principal Schwartz-Nyitray reassigned Plaintiff out of her school to an offsite location.

### Defamation of character by Principal Nira Schwartz Nitray

37.     On or about January and February 2015, Plaintiff began receiving harassing phone calls from unknown numbers.

38.     During this same time period, Plaintiff received a phone call from a woman who accused her of having an affair with her husband.

39. When Plaintiff pressed this woman as to who made such an accusation, she stated that Ms. Palton told her.

40. Plaintiff denied having any such relations, but was barraged by insults and threats.

41. Plaintiff eventually learned that the unidentified woman was the wife of a school aide at P.S. 396 named Luis, and that Ms. Palton had falsely informed this woman that Plaintiff had been having an affair.

42. Following this phone call, Plaintiff received repeated threatening phone calls from this woman.

43. As a result, Plaintiff spoke to Assistant Principal ("AP") Dr. Keisha McCoy.

44. Dr. McCoy informed Plaintiff that the woman who was calling her was named Sandra Agosto, and advised Plaintiff to file a police report.

45. On or about March 17, 2015, Plaintiff filed a police report against Ms. Agosto.

46. For several weeks thereafter, Ms. Agosto did not contact Plaintiff.

47. However, Ms. Agosto, in April and May 2015, once again began harassing Plaintiff.

48. Ms. Agosto's harassment of Plaintiff culminated on May 12, 2015, when she assaulted Plaintiff with a knife in the school.

49. Plaintiff immediately reported this assault to Dr. McCoy, who reported it to Principal Schwartz-Nitray, who then called 911 emergency services.

50. A criminal case was opened against Ms. Agosto stemming from the assault.

51. Upon information and belief of Plaintiff, Principal Schwartz-Nitray is a close friend of Ms. Palton and Ms. Palton's son, Roderick Palton, who is the principal at P.S. K140 in District 13.

52. Following Plaintiff's formal complaints against Ms. Palton, Principal Schwartz-Nitray began a smear campaign against Plaintiff.

53. This included, upon information and belief of Plaintiff:

   a. Backdating complaints from other therapists and other co-workers in the school about Plaintiff's allegedly irrational behavior;

   b. Giving a copy of Plaintiff's sexual harassment report against Ms. Palton both to Ms. Palton and Ms. Agosto;

   c. Sending Plaintiff to a psychological fitness evaluation with the NYCDOE, after which Plaintiff was found fit.

54. Ms. Agosto's criminal trial began in the first week of December 2015.

55. On December 3, 2015, at Ms. Agosto's criminal trial, Principal Schwartz-Nyitray defamed Plaintiff by stating that Plaintiff was psychotic, crazy and unreliable.

56. Due to the publicity of the trial, Plaintiff's name has been published in numerous media outlets, both print and online.

57. Upon information and belief of Plaintiff, Ms. Agosto has created websites with defamatory assertions made about Plaintiff.

58. Additionally, upon information and belief of Plaintiff, Ms. Agosto has contacted Plaintiff's friends, family members, and members of Plaintiff's church, in order to slander Plaintiff's character.

59. This coverage has caused Plaintiff extreme stress, as it has affected her marriage, children, friends, and church community.

60. Job opportunities as an independent contractor also have been lost, resulting in economic damages.

7

61. Plaintiff filed timely complaints of gender and age discrimination and retaliation with the New York State Division of Human Rights ("SDHR") and the Equal Employment Opportunity Commission ("EEOC") on January 21, 2016.

62. Plaintiff received a Notice of Right to Sue letter from the EEOC dated October 17, 2016. A copy of the Notice of Right to Sue letter is annexed hereto as Exhibit A.

## FIRST CLAIM FOR RELIEF

**(Individual Claims for Violation of Title VII – Sex Discrimination and Retaliation)**

63. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

64. The repeated incidents of verbal abuse, sexual remarks, threats, and assaults against Plaintiff constitute a hostile work environment, which Plaintiff has suffered because of her gender.

65. Plaintiff has repeatedly objected to the hostile work environment to which she has been subjected.

66. Defendants refused to take Plaintiff's complaints seriously for months, and failed to remedy the situation at P.S. 396 for months, before finally reassigning Plaintiff to a different location.

67. Furthermore, Defendants retaliated against Plaintiff for making her complaints regarding the ongoing pattern of sexual harassment by creating false documentation of purported allegations against Plaintiff, defaming Plaintiff's character, labeling her has mentally unstable and sending her for mental health evaluations, and creating false allegations against her.

68. Plaintiff has suffered irreparable injury and damages for mental anguish and humiliation as a result of the conduct complained of herein.

69. Defendants, through the aforementioned conduct, have violated Title VII, 42 U.S.C. §§ 2000e et seq., by discriminating and retaliating against Plaintiff on the basis of her sex.

## SECOND CLAIM FOR RELIEF

**(Individual Claims for Violation of Title IX – Discrimination and Retaliation Based on Sex)**

70. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

71. Defendants, through the aforementioned conduct, have violated Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 et seq., by discriminating and retaliating against Plaintiff on the basis of her sex.

## THIRD CLAIM FOR RELIEF

**(Individual Claims for Violation of New York State Human Rights Law – Discrimination Based on Sex)**

72. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

73. Defendants, through the aforementioned conduct, have violated the New York State Human Rights Law, N.Y. Exec. Law §§ 290 et seq., by discriminating and retaliating against Plaintiff on the basis of her sex.

## FOURTH CLAIM FOR RELIEF

**(Individual Claims for Violation of New York City Human Rights Law – Discrimination Based on Sex)**

74. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

75. Defendants, through the aforementioned conduct, have violated the New York City Human Rights Law, N.Y.C. Administrative Code §§ 8-101 et seq., by discriminating and retaliating against Plaintiff on the basis of her sex.

### FIFTH CLAIM FOR RELIEF

**(Claims for Defamation)**

76. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

77. While Defendant NYCDOE has employed Plaintiff, Defendants NYCDOE and Defendant Schwartz-Nitray did, in statements and in writing, with malice aforethought, disseminate about the Plaintiff false personal and professional information, with knowledge of its falsity or with reckless disregard of its falsity.

78. These statements and writings have, in a variety of ways both professional and personal, damaged Plaintiff in the past, present and in perpetuity.

79. As a result of the foregoing, Plaintiff has suffered and continues to suffer damages in an amount to be determined at trial.

### SIXTH CLAIM FOR RELIEF

**(Intentional and/or Negligent Infliction of Emotional Distress)**

80. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

81. Each and every defendant did, without justification, intentionally harm the Plaintiff by playing a part in sexually harassing Plaintiff or failing to redress Plaintiff's complaints of sexual harassment, and some did harm the Plaintiff by defaming Plaintiff's character, thereby causing her intentional and/or negligent infliction of emotional distress.

82. As a result of the foregoing, Plaintiff did suffer damages in an amount to be determined at trial.

## JURY DEMAND

Plaintiffs demand a trial by a jury on all of the triable issues of this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant is in violation of Title VII;

B. A declaratory judgment that Defendant is in violation of Title IX;

C. A declaratory judgment that Defendant is in violation of the New York State Human Rights Law;

D. A declaratory judgment that Defendant is in violation of the New York City Human Rights Law;

E. Enjoining Defendant from engaging in any similar violation;

F. Awarding Plaintiff compensatory damages pursuant to Title VII, Title IX, the New York State Human Rights Law, and the New York City Human Rights Law;

G. Awarding Plaintiff compensatory damages for damage to name, profession, career and reputation;

H.  Awarding Plaintiff damages for pain and suffering and emotional distress and mental anguish;

I.  Awarding Plaintiff costs and reasonable attorneys' fees; and

J.  Such other and further relief as to this Court may deem necessary, just and proper.

Dated:  New York, New York
January 16, 2017

**GLASS KRAKOWER LLP**
Attorneys for Plaintiff
100 Church Street, 8th Floor, Suite 800
New York, NY 10007
(212) 537-6859

By: _____

Bryan D. Glass, Esq.

# EXHIBIT A

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| **To:** Gertrude Robertson<br>859 East 14th Street<br>Brooklyn, NY 11230 | **From:** New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

☐   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2016-01526 | Holly M. Woodyard,<br>State & Local Program Manager | (212) 336-3643 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☒   Other *(briefly state)*     **Charging Party wishes to pursue matter in Federal District Court.**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*

**Kevin J. Berry,**
**District Director**

OCT 17 2016

Enclosures(s)                                                        *(Date Mailed)*

cc:

| | |
|---|---|
| **CITY OF NEW YORK, DEPARTMENT OF EDU**<br>52 Chambers St., Rm. 308<br>Attn: Robin Greenfield, Deputy Gen.<br>New York, NY 10007 | **Bryan D. Glass, Esq.**<br>**Glass Krakower LLP**<br>100 Church St., Suite 800<br>New York, NY 10007 |